UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DANNY SNOWDEN AND SHEILA SNOWDEN,
as Husband and Wife                                                                                    PLAINTIFFS

v.                                         CASE NO. 4:08-CV-0566 GTE

JRE INVESTMENTS, INC.; CHESAPEAKE
EXPLORATION, LLC; CHESAPEAKE
EXPLORATION LIMITED PARTNERSHIP,
AND CHESAPEAKE ENERGY CORPORATION                                      DEFENDANTS

## ORDER ON MOTION FOR REMAND

Plaintiffs Danny and Sheila Snowden commenced this case in state court seeking to remove a cloud on title to their real property caused by an oil and gas lease. The case was removed to federal court based on diversity jurisdiction by Separate Defendants Chesapeake Exploration (collectively, "the Chesapeake Defendants"). The Chesapeake Defendants contend that the citizenship of the non-diverse Defendant, JRE Investments, Inc. ("JRE") should be disregarded in which case there is complete diversity between the parties.

Presently before the Court is Plaintiffs' Motion for Remand and supporting brief[1] and the Chesapeake Defendants' response in opposition[2]. Finally, Plaintiffs' have also filed a reply brief in further support of their remand motion.

Also before the Court is a Motion to Adopt and Join the Chesapeake Defendants' Notice

---

[1] Docket entry # 8 and 9.

[2] Docket entry # 11 and 12.

1

of Removal filed by Separate Defendant JRE.[3]  JRE's motion was apparently prompted by Plaintiffs' attack on the removal for the separate reason that Defendant JRE did not initially join in the removal petition.  Plaintiffs also argue that JRE's motion for joinder in the removal was untimely filed.  This argument is not persuasive.  The Court may only exercise jurisdiction over this case if JRE was fraudulently joined, in which case JRE's consent to removal is not required.  If JRE is a proper party defendant, the case will be remanded.  Thus, it is unnecessary to resolve issues regarding the timeliness of JRE's joinder in the removal of this case.  Rather, the issue requiring judicial determination is whether JRE was fraudulently joined.

After careful consideration, for the reasons stated below, the Court finds that it lacks subject matter jurisdiction and that this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).[4]

**I.     BACKGROUND**

The following information is taken from the Complaint and copies of the lease documents attached as exhibits to the Complaint.

On May 19, 2008, Plaintiffs filed their Complaint to Remove Cloud from Title in the Circuit Court of Faulkner County, Arkansas.  The Complaint names as Defendants JRE Investments, Inc. ("JRE"), an Arkansas corporation, and Defendants Chesapeake Exploration LLC, Chesapeake Exploration Limited Partnership, and Chesapeake Energy Corporation (the

---

[3] Docket entry # 13.

[4] Section 1447(c) provides: "If at any time before final judgment is appears that the district court lacks subject matter jurisdiction the case shall be remanded."

"Chesapeake Defendants"), both Oklahoma corporations.

The Complaint further alleges that Plaintiffs and JRE entered into a Lease Agreement on February 11, 2005, regarding certain mineral interests on real property located in Faulkner County, Arkansas. The Lease Agreement was assigned to Chesapeake Exploration Limited Partnership on September 16, 2005. Plaintiffs allege that the primary term of the Lease Agreement concluded on February 11, 2008, and that on February 13, 2008, Chesapeake Exploration, LLC filed an Affidavit of Drilling Operations and Lease Extension with the Faulkner County Circuit Clerk's office stating that it has "in accordance with the terms and provisions of A.C.A. Section 15-73-201, extended the term of the following lease recorded in the records of Faulkner County, Arkansas, as to all lands described in said lease." Plaintiffs further allege that on February 26, 2008, they formally demanded that Defendants execute and place on record a release of all sections/units of land not currently extended by production as of the proper date, and that the release should include the release of depths 100 feet below the stratigraphic equivalent of the deepest depth drilled not otherwise released in full pursuant to the "depth clause" contained in the Lease Agreement.

On June 19, 2008, the Chesapeake Defendants filed a Notice of Removal. Therein, the Chesapeake Defendants assert that Defendant JRE "was improperly joined to defeat diversity in that Plaintiffs have no reasonable basis in fact and law to support a claim against JRE."

On July 18, 2008, Plaintiffs moved to remand the case back to state Court.

## II.     MOTION FOR REMAND

Original jurisdiction exists in the district courts in all civil actions where the matter in

controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. §§ 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. §§ 1447(c).

Complete diversity of citizenship exists between Plaintiffs, both of whom reside in Arkansas, and the Chesapeake entity Defendants, all of whom are considered citizens of Oklahoma. Defendant JRE is an Arkansas corporation, however, and thus, if its citizenship is considered diversity jurisdiction will be destroyed. Defendants contend that JRE was fraudulently joined for the purpose of defeating federal diversity jurisdiction, and that its citizenship should be disregarded.

Fraudulent joinder is defined in this Circuit as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 809 (8th Cir. 2003). Joinder is fraudulent only when applicable state precedent precludes the existence of a cause of action against a non-diverse defendant. *Id.*, 336 F.3d at 810. In resolving the issue of whether Defendant JRE was fraudulently joined to prevent removal this Court's task "is limited to determining whether there is arguably a reasonable basis for predicting that state law might impose liability upon the facts involved." *Id*. The Court "has no responsibility to definitively settle the ambiguous questions of state law." *Id*. Even in situations where the sufficiency of a complaint against a non-diverse defendant is questionable, "the better practice is . . . not to decide the doubtful question in connection with a motion to remand but simply to remand the case for the state courts to decide.'" *Id*. at 811 (omitting

citation and internal quotation marks).

Plaintiffs assert that the Assignment from JRE to Chesapeake Exploration Limited Partnership (the "Assignment") contains inaccurate and vague legal descriptions, and therefore, does not transfer all of the property identified in the Lease Agreement. Specifically, Plaintiffs assert that lands identified in Township 8 North, Range 11 West, Section 20; Township 8 North, Range 13 West, Section 18; Township 8 North, Range 13 West, Section 20; and Township 8 North, Range 13 West, Section 29, are not sufficiently described in the Assignment to convey the property. Plaintiffs therefore argue that JRE has an interest in the Lease and is a necessary party. This issue is vigorously disputed by the parties, both of whom cite cases purportedly in their favor. This appears to raise an issue of Arkansas law.

Defendant also asserts that the Assignment is valid under Arkansas law despite any ambiguities in the legal descriptions based on a provision in the Assignment. The Assignment states, in pertinent part:

> For and in consideration of Ten Dollars and no/100 ($10.00) and other Valuable Consideration, the receipt and sufficiency of which are hereby acknowledged, JRE INVESTMENTS, INC., . . . hereinafter referred to as "Assignor", does hereby bargain, sell, convey, assign and deliver unto CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP, an Oklahoma limited partnership, . . . hereinafter referred to as "Assignee", ALL of Assignor's right, title, and interest in and to the oil and gas lease(s) described in Exhibit "A" attached hereto, and made a part hereof, located in FAULKNER County, Arkansas, together with the rights incident thereto, the personal property thereon, appurtenant thereto, or used or obtained in connection with said leases and lands.
> This assignment is made subject to all existing leasehold burdens of record.
> It is Assignor's intent to convey to Assignee ALL of Assignor's right, title, and interest in and to oil and gas lease(s) held in Assignor's name in Faulkner County, Arkansas, regardless of the omission of any particular lease or leases, errors in description, incorrect or misspelled names or incorrect recording

5

references. . . .

Defendant argues that this last clause, a so-called "Mother Hubbard" clause, makes it "abundantly clear that JRE Investments, Inc. assigned any and all of its interests in oil and gas leases in Faulkner County, Arkansas, to Chesapeake."[5]  Plaintiffs respond that such clauses have been used in furtherance of public policy to discourage ownership of narrow strips of land, but that such clauses have never been permitted to pass title to large tracts of land omitted from, or inaccurately described, in the legal description.  *See, e.g., Peacock v. Shroeder,* 846 S.W.2d 905 (Tex. App. 1993).  There does not appear to be an Arkansas case specifically addressing this issue.

The underlying dispute centers on whether the Chesapeake Defendants should be forced to release certain sections/units of the leased land pursuant to Ark. Code Ann. § 15-73-204.  To the extent that such lands were not properly assigned to Chesapeake Defendants, JRE may still retain an interest in such property.  While JRE is probably not a necessary party, the Court can not find that JRE is an improper party.

The Court must remand this case if there is a reasonable basis for concluding that application of the relevant Arkansas property law might result in JRE having some remaining interest in the lands it originally leased from Plaintiffs and assigned to Defendants.  Viewing the facts and law to favor remand, as it must, the Court can not conclude that JRE is fraudulently joined, and therefore, the case must be remanded.

## CONCLUSION

---

[5] Response brief, Doc. No. 12, at p. 2.

For the reasons above stated,

IT IS HEREBY ORDERED that Plaintiffs's Motion to Remand (Docket No. 8) be, and it is hereby, GRANTED.  The Clerk of the Court is directed to remand this case back to the Faulkner County Circuit Court from which it was removed.

IT IS FURTHER ORDERED THAT Separate Defendant JRE Investments, Inc.'s Motion to Adopt and Join Separate Defendants' Chesapeake Exploration, LLC, Chesapeake Exploration Limited Partnership, and Chesapeake Energy Corporation's Notice of Removal (Docket No. 13) be, and is hereby, denied as MOOT.

IT IS SO ORDERED this 10th day of September, 2008.

                                        _/s/Garnett Thomas Eisele_____
                                        UNITED STATES DISTRICT JUDGE